**Margaret A. O'HARA, Plaintiff–Appellant,**

v.

**MEMORIAL SLOAN–KETTERING CANCER CENTER, Defendant–Appellee.**

**Docket No. 03–7049.**

United States Court of Appeals, Second Circuit.

Oct. 31, 2003.

Ethan A. Brecher, Liddle & Robinson, LLP, New York, New York, for Plaintiff–Appellant.

Edward A. Brill, Proskauer Rose LLP, New York, New York, for Defendant–Appellee.

Present: MESKILL, KATZMANN, and RAGGI, Circuit Judges.

## CORRECTED SUMMARY ORDER

Plaintiff-appellant Margaret O'Hara appeals the district court's grant of summary judgment in favor of defendant-appellee Memorial Sloan–Kettering on her claim of retaliation under Section 296(e) of the New York State Human Rights Law and Section 8–107(7) of the New York City Administrative Code.

On appeal, "[w]e review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the nonmoving party." *Mack v. Otis Elevator Co.*, 326 F.3d 116, 119 (2d Cir.2003). Summary judgment should be granted by the district court only if its examination of the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

On September 17, 1998, sixty-seven year-old plaintiff Margaret O'Hara was suspended from her position as Manager of Memorial Sloan–Kettering Cancer Center's Graduate Medical Education Department ("GMED"). Almost three months later, on December 9, 1998, she was terminated from this position. Shortly before O'Hara was suspended, Wendy Perchick, an Associate Administrator at Memorial, had installed twenty-seven year-old Tara Speiss as O'Hara's supervisor. Several of Speiss's actions as supervisor, combined with comments made by Perchick that a former employee had relayed back to her, led O'Hara almost immediately to believe that she was the victim of prohibited age discrimination. As a result, plaintiff's lawyer contacted Linda Prager, Memorial's director of human resources, in an August 27, 1998 letter; when the resulting conversations failed to achieve O'Hara's goals, she filed suit against Memorial. *O'Hara v. Memorial Sloan Kettering Cancer Center*, No. 99 Civ. 2658, 2000 WL 1459798, at *4 (S.D.N.Y.2000) (*"O'Hara I"*).

In this first action, O'Hara brought claims for age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–3(a), and state and city law. The district court granted summary judgment in favor of Memorial on plaintiff's age discrimination cause of action, holding that the evi-

dence O'Hara had adduced was insufficient to permit a jury to find that the hospital's reasons for firing her were pretextual. *O'Hara I*, 2000 WL 1459798, at *3–*5. The opinion also dismissed the Title VII retaliation claim because plaintiff had not included it in her administrative charge and it was not "reasonably related" to the conduct alleged therein. *Id.* at *5. The Court likewise declined to exercise supplemental jurisdiction over the causes of action for retaliation under state and city law, and dismissed them without prejudice. *Id.* at *6.

After moving to Connecticut, O'Hara refiled her state and city law retaliation claims in the Southern District, invoking diversity jurisdiction. *O'Hara v. Memorial Sloan–Kettering Cancer Center,* No. 02 Civ. 906, 2002 WL 31834438, at *1 (S.D.N.Y.2002) (*"O'Hara II"*). The court below, however, again granted summary judgment to Memorial, determining that plaintiff was collaterally estopped from asserting that the hospital's reasons for letting her go were pretextual and that, even if she were not barred, the record did not "provide a basis on which a rational trier of fact could conclude that the Hospital's stated reason for terminating Plaintiff was a pretext." *Id.* at *2.

Based on the dismissal of plaintiff's earlier action under the ADEA in *O'Hara I*, the district court held that plaintiff was barred from asserting one of the elements of her retaliation claim-that the justifications Memorial provided for firing her were pretextual. *O'Hara II*, 2002 WL 31834438, at *1–*2. Collateral estoppel applies when "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Carney v. Philippone,* 332 F.3d 163 (2d Cir.2003). In this case, we respectfully disagree with the district court's view that the issues in both proceedings were identical.

Both age discrimination and retaliation causes of action involve a fundamentally identical three-stage proceeding derived from *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Raskin v. Wyatt Co.,* 125 F.3d 55, 60 (2d Cir.1997). As the relevant steps have been summarized:

> [T]he plaintiff must first establish a prima facie case of discrimination.... By making out this minimal prima facie case, ... the plaintiff creates a presumption that the employer unlawfully discriminated, and thus places the burden of production on the employer to proffer a nondiscriminatory reason for its action.... If the defendant meets its burden ... the plaintiff must then meet her ultimate burden of proving that she was the victim of intentional discrimination.

*Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 76 (2d Cir.2001) (internal citations and quotation marks omitted). Following this model, the district court seems to have assumed that O'Hara presented a prima facie case of retaliation, which Memorial rebutted by providing a legitimate, nondiscriminatory reason for its actions. However, the district court then held that collateral estoppel barred plaintiff's attempt to show by a preponderance of the evidence that Memorial's stated rationale was pretextual, and that, in fact, a retributive purpose predominated.

Rather than focusing exclusively on the third prong of *McDonnell Douglas* in assessing the preclusive effects of *O'Hara I*, the court below emphasized the second step, asking whether "collateral estoppel bars Plaintiff from disputing that the Hos-

pital had a legitimate reason for terminating her." *O'Hara II,* 2002 WL 31834438, at \*1. The problems with this approach are revealed by the passage from *Clarke v. Carlucci,* 834 F.Supp. 636 (S.D.N.Y.1993), that the district court cited. *O'Hara II,* 2002 WL 31834438, at \*1. In *Clarke,* the court barred plaintiff Doris Clarke from asserting an ADEA claim based upon the conclusion that defendant IBM had, at another trial on her Title VII claims, *"established* a legitimate business reason for its treatment of Clarke and, to wit, had 'properly carried the *burden of proving* by a preponderance of the evidence that they treated her fairly and … consistent with the overall business policies of the companies.'" *Clarke,* 834 F.Supp. at 641 (emphasis added; internal citation omitted). The opinion also stated, in a passage that the district court quoted below, that, "since Title VII and ADEA cases are both governed by the *McDonnell Douglas* standard, which allows a defendant to rebut a prima facie case of discrimination by *proving* a legitimate business reason, the issue of whether IBM can *prove* such a reason is identical with respect to both Clarke's Title VII and ADEA claims." *Id.* (emphasis added). But the second prong of *McDonnell Douglas* does not oblige the defendant to *prove* its non-discriminatory reason for taking an adverse employment action, but instead simply to *provide, articulate,* or *present* such a rationale. *Jetter v. Knothe Corp.,* 324 F.3d 73, 75 (2d Cir.2003); *Regional Economic Community Action Program, Inc. v. Middletown,* 294 F.3d 35, 49 (2d Cir.2002); *Farias v. Instructional Systems, Inc.,* 259 F.3d 91, 98 (2d Cir.2001). Although under this standard the defendant bears the burden of producing some

evidence, it does not bear the burden of persuasion, nor is it "required to prove that the articulated reason actually motivated its actions." *Farias,* 259 F.3d at 98. Thus the terminology of proof employed in *Clarke* and relied upon by the district court below is inapposite. The fact that defendant proffered a legitimate, non-discriminatory reason for its decision to terminate O'Hara in a prior action does not mean that it proved this asserted ground was not pretextual.

Two passages from *O'Hara I* and *O'Hara II,* taken together, suggest another basis for the district court's collateral estoppel decision, one grounded in the third step of *McDonnell Douglas.* The court ruled in *O'Hara I* that, "because there is no evidence to demonstrate that the Hospital's legitimate, non-discriminatory reason is false *or* that the Hospital was motivated by age discrimination, the Hospital's motion for summary judgment is granted." 2000 WL 1459798 at \*5. In *O'Hara II,* the court then stated that, "[h]aving had the opportunity to litigate her claim that her employer's stated reason for its actions was a pretext, Plaintiff is collaterally estopped from re-litigating that issue here." 2002 WL 31834438 at \*2. We think the district court should not have granted collateral estoppel on this prong of the *McDonnell Douglas* inquiry either, if it did indeed intend to do so.

The determination of pretext should not be identical in *O'Hara I* and *O'Hara II.* Whereas, in *O'Hara I,* Plaintiff attempted to demonstrate that the reasons Memorial provided for firing her were a pretext for age discrimination, here she needs to show that the hospital furnished a pretext to cover over a retaliatory motive.[1] The im-

---

1. These two causes of action should be distinguished. *See Cifra v. G.E. Co.,* 252 F.3d 205, 218 (2d Cir.2001) ("We note in passing that we do not regard the outcome of the trial that

has already been held, *i.e.,* the ruling that [the plaintiff] did not prove by a preponderance of the evidence that she was the victim of discrimination on the basis of gender, as estab-

portance of this difference can be illuminated by a hypothetical. Let us imagine a manager who treats women and men equally in the workplace, but has on many occasions stated to his friend that "I won't tolerate people who accuse me of discrimination." One of his female subordinates, assuming wrongly that some poor work assignments and mediocre evaluations that he has given her indicate that he is discriminating against her on the basis of gender, complains to the Director of Human Resources about him. The manager soon fires the employee because of her complaint. When she sues for both employment discrimination and retaliation, he alleges as the reason for terminating her that her work had been inadequate. In the discrimination action, the employee might not be able to demonstrate that the proffered reason was a pretext for discrimination, since it is not a pretext *for discrimination*. On the retaliation claim, however, with the aid of the "friend"'s testimony, she could well demonstrate that the justification was a pretext for retaliation. Because evidence of improper motive is so often interconnected with evidence of pretext, it seems illogical that the failure to raise an issue as to the falsity of the manager's claim in her discrimination action would preclude the plaintiff from showing its falsity in her retaliation case.

Furthermore, O'Hara's burden in both cases is not simply that of discrediting Memorial's assertions as to the legitimacy of its reasons for firing her, but instead that of proving her own claims of discrimination and retaliation. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (noting that "[p]roof that the defendant's explanation is unworthy of credence is simply one form of circumstantial

evidence that is probative of intentional discrimination"); *James v. New York Racing Ass'n*, 233 F.3d 149, 156 (2d Cir.2000) (emphasizing that *Reeves* "mandates a case-by-case approach, with a court examining the entire record to determine whether the plaintiff could satisfy his ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff").

For these reasons, we believe the district court erred in holding that it was collaterally estopped from adjudicating plaintiff's retaliation cause of action.

The court held in the alternative that the record did not "provide a basis on which a rational trier of fact could conclude that the Hospital's stated reason for terminating Plaintiff was a pretext." *O'Hara II*, 2002 WL 31834438, at *2. Because the district court relied principally on collateral estoppel grounds, this alternative holding is not sufficiently detailed to allow meaningful appellate review. The principal question is whether O'Hara can demonstrate a causal connection between the protected activity in which she engaged-the August 27th letter from her attorney to Linda Prager-and her suspension on September 17, 1998 or her dismissal on December 8, 1998. Although the court below very briefly addressed the relationship between the letter from O'Hara's attorney to Linda Prager, *O'Hara II*, 2002 WL 31834438, at *2, it did not discuss the connection between this correspondence and Memorial's subsequent act of firing O'Hara. The omission is material because O'Hara did adduce evidence suggesting that Speiss and Perchick had not necessarily contemplated ending her employment when they suspended her in September, and the principal decision-makers admittedly learned of

lishing any fact that would preclude litigation of the issues central to the retaliation

claim."); *Dominic v. Consol. Edison Co.*, 822 F.2d 1249, 1254 (2d Cir.1987).

O'Hara's letter during the period between her suspension and ultimate termination. Furthermore, the district court should not have credited the testimony of Speiss and Prager--which contradicted plaintiff's own allegations--on the question of whether they knew about the communication from O'Hara's lawyer before plaintiff was suspended. *Id.* at *2 ("[T]he evidence from both Speiss and the official in the human resources department was that Speiss was unaware of Plaintiff's discrimination complaint until after Plaintiff was suspended."). On remand, the district court should consider these aspects of the record in deciding the defendant's summary judgment motion.

The judgment of the district court is **VACATED** and **REMANDED**.